

**Warrington S. Parker III**
WParker@crowell.com
(415) 365-7234  direct

Crowell & Moring LLP
3 Embarcadero Center
26th Floor
San Francisco, CA 94111
+1.415.986.2800  main
+1.415.986.2827  fax

February 12, 2026

**VIA ELECTRONIC FILING**

Christopher G. Conway
Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street, Room 2722
Chicago, IL 60604

**Re:**     ***Chicago Women in Trades v. Donald J. Trump, et al.***
U.S. Court of Appeals for the Seventh Circuit, Case No. 25-2144
(Oral Argument Held January 30, 3026)

Dear Mr. Conway:

Appellee Chicago Women in Trades responds to Appellants' February 11, 2026 letter.

*National Association of Diversity Officers in Higher Education v. Trump*, 2026 WL 321433 (4th Cir. Feb. 6, 2026), is erroneously decided.  In addition, the case should not be relied on because the record on appeal in that case is different than the record on appeal in this case.

The conclusion that "the [Certification] Provision requires only that plaintiffs certify compliance with federal antidiscrimination laws" is an erroneous reading of the Certification Provision.  The Certification Provision contains two paragraphs.  The first paragraph states that compliance with anti-discrimination laws is material.  J21 EO § 3(b)(iv)(A).  The second paragraph—the one *requiring a certification*—focuses *solely* on programs promoting DEI, and *not* general compliance with anti-discrimination laws.  J21 EO § 3(b)(iv)(B).  One could promote anti-DEI programs that violate federal anti-discrimination laws and no certification is required.  Therefore, Section 3(b)(iv) (B) cannot be read to simply require Appellee to "certify compliance with federal antidiscrimination laws."

In addition, because the Certification Provision solely seeks to regulate the *promotion* of DEI programs, it is viewpoint specific in violation of the First Amendment, which the Fourth Circuit did not address.  It also imposes an unconstitutional condition, something not properly considered by that Court.

The decision also cannot be relied on because the record in this case is different.  In contrast to the record in this case, the record in the Fourth Circuit did not contain the February 5 Bondi Memo, GA 76,

or the July 29 Bondi Memo both of which make clear, as the district court concluded, that "the thrust of the Orders is that the government's view of what is illegal . . . has changed significantly with the new Administration—even though the government has not . . . and has been unwilling to . . . define how it has changed." SA 25; *see also* Appellee's January 21, 2026 letter, Dkt. 66 (citing cases).

Regarding standing, the decision is consistent with all other courts that have reached the same conclusion.  *See* Dkt. 66.

Respectfully submitted,

Warrington S. Parker III
WSP:whm